IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EMMANUEL COVINGTON, #311-900 : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. RDB-05-3104 |
| MICHAEL J. STOUFFER, *et al.* : | |
| Defendants : | |

**MEMORANDUM OPINION**

On November 16, 2005, Plaintiff Emmanuel Covington, presently incarcerated at the Maryland Correctional Training Center in Hagerstown, filed this civil rights action pursuant to 42 U.S.C. § 1983 action alleging that: (1) he was wrongfully arrested and convicted five years ago as an adult, although at the time he was fifteen years old; (2) despite his youth, he was kept with adults at a precinct house for four days; (3) he was denied visitors for a period of twenty days after his transfer to a juvenile pretrial detention facility; and (4) his arrest, detention and conviction came about because of racial animus. Because Plaintiff appears to have limited income, he shall be granted leave to file *in forma pauperis*, without prepayment of filing fees or costs. *See* 28 U.S.C. § 1915(a).

Plaintiff's challenge to his arrest and conviction cannot proceed in a civil rights action unless he can demonstrate that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994); *see also Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005). The conviction still stands, as evidenced by unsuccessful habeas corpus proceedings brought before this Court.[1] His claims concerning the conditions under which he was detained awaiting trial arose more than five years ago. He alleges no actual harm as a result of these conditions, and in any event, the claims are

---

[1] *See Covington v. Stouffer*, Civil Action No. RDB-04-648 (D. Md.) and *Covington v. Stouffer*, Civil Action No. RDB-05-2397 (D. Md.).

time-barred.

In enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id.*, at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury. *Id.* Here, Plaintiff at the latest should have known of any injury five years ago, at the time he was detained. The statute of limitations now bars consideration of these claims.

Accordingly, a separate Order shall be entered dismissing this action without requiring service upon and response from Defendants.

Dated:   December 5, 2005                              /s/_____
                                                       RICHARD D. BENNETT
                                                       UNITED STATES DISTRICT JUDGE